REED, Judge
(dissenting).
The majority poses the problem presented to this court as follows:
“ * * * Thus, it becomes necessary in the case sub judice to determine whether *189 Tarzan was justified in shooting the appellant because of a reasonable belief that the appellant was about to inflict on him serious bodily harm or death, which could have been prevented only by the shooting. * * * ”
The error of the majority is manifest in that language. Our task as an appellate court is not, as the majority seems to think, “ * * * to determine whether Tarzan was justified in shooting the appellant * * On the contrary, our job is to discover whether or not the trier of fact — in this case the trial judge — had before it competent substantial evidence from which it could have concluded that Tarzan was justified in shooting the appellant. Glass v. Parrish, Fla.1951, 51 So.2d 717, 721; Midstate Hauling Company v. Fowler, Fla.1965, 176 So.2d 87, 88; Calhoun v. Corbisello, Fla.1958, 100 So.2d 171.
The law recognizes that a person is privileged to defend himself by the use of force likely to cause the death of or serious bodily harm to another where he reasonably believes that such other is about to inflict on him bodily harm and that he is thereby in peril of death or serious bodily harm which can safely be prevented only by the immediate use of such force. See Restatement, Second, Torts § 65. The privilege is qualified to the extent that a person not attacked in his home must retreat before using deadly force where he can reasonably do so with safety, Restatement, Second, Torts, supra; Prosser on Torts, Third Edition, page 112; Cf. State v. Coles, Fla.1956, 91 So.2d 200, 203. If a person uses force in excess of that which he is privileged to use, he is committing a tort as to the excess, Prosser on Torts, supra. The conduct of a person acting in self-defense is thus measured by an objective standard, but the standard must be applied to the facts and circumstances as they appeared at the time of altercation. A person is not necessarily held to the course of conduct which on the basis of cool afterthought seems best. Prosser on Torts, Third Edition, page 110.
The plaintiff does not dispute these principles. He contends, however, that facts in the record show that the force used by defendant Arwood was so clearly unwarranted that the defendant, as a matter of law, was guilty of the use of excessive force. The plaintiff’s conclusion is based on his interpretation of the evidence which, according to him, demonstrates that: (1) when the plaintiff attacked defendant Ar-wood, the plaintiff was alone, whereas defendant Arwood was aligned with two other men; (2) the plaintiff was wearing no shirt and was unarmed, whereas the defendant Arwood had a shotgun; and (3) the plaintiff was staggering drunk. Under these circumstances, says the plaintiff, defendant was not reasonably justified in thinking he was in danger of death or great bodily harm and hence not justified in using the force employed by him.
I cannot accept the plaintiff’s interpretation of the record. When the plaintiff attacked the defendant, the former was not alone. His brother was standing by his side and had theretofore announced he would back up the plaintiff. While it is true the plaintiff was shirtless and in fact unarmed, it does not necessarily follow that the defendant was unreasonable in fearing for his own safety. In the first place the plaintiff had theretofore threatened to kill the defendant. Such a drastic threat made in anger could have given the defendant a reasonable ground for belief that the plaintiff had the means to accomplish his stated end. According to his own testimony, the plaintiff was wearing khaki work pants. Such could reasonably have been thought to conceal a weapon. Additionally, the defendant’s own weapon was present, and the plaintiff had clearly stated an intent to appropriate it for use on the defendant. Finally, the plaintiff’s contention that he was drunk is of no benefit. Whatever his degree of sobriety, the evidence does not indicate the plaintiff was incapacitated as a result of intoxication. The plaintiff himself testified he was not drunk and stated that he had had about five cans of beer since noon.
*190 According to my view of the record, there was evidence presented to the trier of fact which, when seen in the light most favorable to the prevailing party, reasonably and rationally justifies the conclusion reached by the trial judge on the ultimate issues of fact. Hence, I believe that the decision of the trial judge is lawfully supported and should be affirmed. The majority of this court has simply retried the issue of liability on the basis of a cold written record and substituted its judgment for that of the trial judge. To do so exceeds our authority and places us in clear conflict with the Florida Supreme Court decisions which I have cited above.
For the foregoing reasons, I dissent.